# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| WILLIAM SCOTT SEYLER,<br><br>     Plaintiff,<br><br>-vs-<br><br>LEXISNEXIS RISK SOLUTIONS, INC.,<br><br>     Defendant. | Case No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, WILLIAM SCOTT SEYLER (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, LEXISNEXIS RISK SOLUTIONS, INC. (hereinafter "LexisNexis"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     This is an action alleging LexisNexis violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (FCRA) by producing and selling consumer reports inaccurately reporting as to Plaintiff, and thereby failing to follow policies and

1

procedures to ensure the maximum possible accuracy of the consumer report it produced and sold.

3. The FCRA creates a private right of action against a consumer reporting agency for the negligent, 15 U.S.C. § 1681o, or willful, 15 U.S.C. § 1681n, violation of any duty imposed by the FCRA. *Alexander v. Certegy Check Servs.*, No. 8:16-CV-859-17JSS, 2016 U.S. Dist. LEXIS 180072, at *5 (M.D. Fla. Dec. 29, 2016) [*citing Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1333 (11th Cir. 2015)].

4. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION, VENUE, AND PARTIES**

5. Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7. Venue is proper in this District as Plaintiff is a natural person and resident of Orange County, Florida; LexisNexis transacts business within this

District; and a substantial portion of the violations described in this Complaint occurred in this District.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. LexisNexis is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

10. LexisNexis is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). LexisNexis is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. LexisNexis disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. LexisNexis is one of the largest credit reporting agencies in the United States today.

13. Over the last several months, Plaintiff began to observe a steady increase in his monthly auto insurance rate through non-party, GEICO Auto Insurance.

14. In or about May 2024, Plaintiff requested a quote for auto insurance from non-party, USAA, and after still receiving an above average quote, Plaintiff asked why the quote was so high. At that time, the USAA representative advised Plaintiff of two tickets issued in his name on January 4, 2024, and January 23, 2024.

15. At that time, Plaintiff was not driving and knew the tickets were not his. Further, the USAA representative advised the tickets were issued in New Jersey.

16. Plaintiff obtained the ticket information and contacted the municipality in New Jersey who advised they had no record of any tickets for him and that the case number he provided was not a valid New Jersey case number.

17. On or about May 31, 2024, Plaintiff contacted LexisNexis by telephone to dispute the two tickets appearing in his consumer report which did not belong to him.

18. On or about June 17, 2024, Plaintiff received a response from LexisNexis requesting additional documents for identity verification.

19. On or about June 19, 2024, Plaintiff uploaded the requested identification documents online through his LexisNexis customer portal.

20. On or about June 19, 2024, Plaintiff received dispute results from LexisNexis which stated it removed five (5) Department of Driver Service records from Plaintiff's consumer report.

21. On or about June 19, 2024, Plaintiff reviewed his LexisNexis consumer report and observed that "Section 4: Dept of Driver Service Records" and "Section 5: Driver License Records" were no longer reporting the erroneous tickets.

22. As a result of the action and/or inaction of LexisNexis, Plaintiff has suffered damages, including, but not limited to:

   a. Monies lost by attempting to fix his consumer report. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

   b. Loss of time attempting to cure the errors;

   c. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by LexisNexis' reluctance to fix the errors;

   d. An increase in his auto insurance deductible and insurance rate; and

   e. Inability and difficulty in obtaining affordable automobile insurance.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, LexisNexis Risk Solutions, Inc. (Negligent)

23. Plaintiff re-alleges and re-incorporates paragraphs one (1) through twenty-two (22) as if fully stated herein.

24. LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

25. Upon information and belief, LexisNexis allowed for the reporting of inaccurate information to Plaintiff's consumer report. LexisNexis failed to have policies and procedures to avoid misreporting driver records.

26. Upon information and belief, LexisNexis is aware that it has misrepresented driver records on consumers, yet it fails to enforce proper policies and procedures to prevent such error.

27. Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

28. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

29. The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

30. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, WILLIAM SCOTT SEYLER, respectfully requests that this Court award actual damages against Defendant, LEXISNEXIS RISK SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, LexisNexis Risk Solutions, Inc. (Willful)

31. Plaintiff re-alleges and re-incorporates paragraphs one (1) through twenty-two (22) as if fully stated herein.

32. LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

33. Upon information and belief, LexisNexis allowed for the reporting of inaccurate information to Plaintiff's consumer report. LexisNexis failed to have policies and procedures to avoid misreporting driver records.

34. Upon information and belief, LexisNexis is aware that it has misrepresented driver records on consumers, yet it fails to enforce proper policies and procedures to prevent such error.

35. Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

36. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

37. The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

38. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, WILLIAM SCOTT SEYLER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WILLIAM SCOTT SEYLER, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 9th day of July 2024.

Respectfully submitted,

/s/ *Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066

9

        The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com

***/s/ Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com